STATE, EX REL. GEHRETT, RELATOR, *v.* WINE, RESPOND-
ENT.

[No. 1617.]

[Submitted October 17, 1900.  Decided October 17, 1900.]

*Elections— Voters—Registration—Necessity.*

Pol. Code, Secs. 1206, 1210, requiring 'biennial registration of electors, as amended by
Sess. Laws 1897, p. 113, provides "that, except in registration districts included in an
incorporated town or city containing, at the last preceding state election, over one
thousand registered voters, such general registration * * * shall only be required
every eighth year, from and after the year 1898, and any person who has been regist-
ered in any district, except as above noted, at any time within said eight year period
* * * shall be entitled to vote, if otherwise qualified, without further registra-
tion." Sess. Laws 1899, p. 54, amends the act of 1897, but the proviso quoted is sub-
stantially the same in both acts.    Sec. 1210, Subd. 5, which was not amended by the
act of 1899, provides "that, whenever a person is registered under the provisions of this
chapter, such registration is good for eight years, except as otherwise provided in
Sec. 1206." *Held,* that the eight years exemption from the necessity of registering of
the persons provided for in the acts of 1897 and 1899 began with and included the reg-
istration of 1898, and hence an elector of an election district included in an incorpor-
ated town of less than 1,000 registered voters, who was properly registered in 1898,
was not required to be registered in 1900, as a prerequisite to his right to vote at the
general election in November, 1900, and he could not compel the registry clerk to
register him.

*Mandamus.*—Original application by the state of Montana,
on relation of Joseph Gehrett, against Joseph R. Wine, as
registry agent of election district No. 1, in the county of
Broadwater, for writ of mandate to compel the respondent to
register the relator as a qualified voter.   Dismissed.

*Mr. N. W. McConnell* and *Mr. J. B. Clayberg,* for Relator.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of
the Court.

Application for writ of mandate.   The material facts upon
which the application is based are stated as follows:

That the relator, during the year 1898, was, and still is, a
resedent of precinct No. 7 of election district No. 1 of the
county of Broadwater, included in Townsend, an incorporated

town, which at the state election of 1898 contained less than 1,000 registered voters; that he was and is a qualified elector under the laws of Montana, and entitled to vote at the general election to be held on the 6th day of November, 1900; that he was duly registered as a voter in said election precinct in the year 1898; that the respondent, Joseph R. Wine, is the duly appointed and acting registry agent for the registration of voters for the year 1900, and is now engaged in registering the voters in said precinct who are entitled under the laws of Montana to be registered for the year 1900; that on the 16th day of October, 1900, during the hour of said day within which the voters might be lawfully registered, the relator presented himself before said Joseph R. Wine at his office, and demanded of the said Wine that he register the name of the relator among the qualified voters for the year 1900, and that the respondent refused to so register his name.

The question presented is whether the relator, who was properly registered in the year 1898, under the provisions of Section 1206 of the Political Code, as amended by Senate Bill No. 57 of the Laws of 1897 (Sess. Laws 1897, p. 113), and Senate Bill No. 6 of the Session Laws of 1899 (Sess. Laws 1899, p. 54), is required to have his name enrolled among the registered voters for the year 1900 as a prerequisite to his right to vote at the general election in November. The act of 1899, above cited, is amendatory of the act of 1897. The provision of the former touching the matter here involved is substantially the same as that of the latter. This provision, being part of Section 1206 of the Political Code as amended by the acts above cited, is as follows:

"Provided that, except in registration districts included in an incorporated town or city, which town or city contained at the last preceding state election, over one thousand registered voters, such general registration of all voters shall only be required every eight years from and after the year 1898, and any person who has been registered in any district, except as above noted, at any time within said eight year periods, and who has been a continuous resident of such district since such

registration shall be entitled to vote, if otherwise qualified, without further registration.''

Subdivision 5 of Section 1210 of the Act of 1897 (Sess. Laws 1897, p. 119), which was not amended by the Act of 1899, contains the following provision: ''Whenever a person is registered under the provisions of this chapter, such registration is good for eight years, except as otherwise provided in Section 1206.''

The purpose of the act of 1897 was to amend the provisions of the Political Code requiring biennial registration of all qualified electors in the state of Montana so as to make such registration necessary but once in eight years in all election districts, including the year 1898, except those districts included in incorporated cities and towns containing at the election preceding the regular biennial registration more than 1,000 registered voters, leaving in force the provisions of the Political Code in so far as they applied to such incorporated cities and towns.

The Act of 1899 re-enacts Section 1206 of the Act of 1897, making amendments thereto in respects which are not pertinent to the question here involved. With respect to the provisions involved here, the two acts are identical in purpose and legal effect, and the proviso quoted, which is the same in substance in both acts, is to be enforced so as to effectuate the purpose of the Act of 1897, which, as we have just stated, was to become operative at once, and to apply to the registration of electors for the purpose of the general election held in 1898.

Construing these provisions together, the intent and purpose of the act is clear: That the eight years' exemption from the necessity of registering of those persons provided for in that part of the amendatory acts of 1897 and 1899 to which we have referred began with and included the registration of 1898. This view receives strong support in the fact that the act of 1897 was approved on the 9th day of March in that year. It is not reasonable to assume that the legislative assembly designed that the operation of the act should be sus-

pended, and that it should have no effect whatever, until the time for registration for the year 1900 should arrive,—a period of about 3½ years.

The alternative writ heretofore issued herein is quashed, and the proceeding is dismissed, at the costs of the relator.

*Dismissed.* ·